# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 8:21-MJ-1538-AEP |
| Justin Michael Rancourt | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 20, 2021 _____ in the county of _____ Pinellas _____ in the
_____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 875(c) | Interstate Transmission of threat to kidnap or injure |

This criminal complaint is based on these facts:

See Affidavit attached.

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Douglas C. Williams S/A, U.S. Dept. of Vet. Affairs
_Printed name and title_

Attested to by the applicant in accordance with the requirements of
Fed. R. Crim. P. 4.1 by telephone.

Date: ___6/2/21___

_____
_Judge's signature_

City and state: _____ Tampa, FL _____

Anthony E. Porcelli, U.S. Magistrate Judge
_Printed name and title_

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Douglas C. Williams, being sworn to tell the truth, state as follows:

1. I am a law enforcement officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Title 18, United States Code. I have been employed as a federal law enforcement officer for more than seventeen years and have served as a Special Agent with the Department of Veterans Affairs ("VA"), Office of Inspector General ("OIG") since 2012. I am a graduate of the Federal Law Enforcement Training Center.

2. During my tenure as a federal law-enforcement officer, I have investigated and assisted in the investigation of numerous criminal matters, including, pertinently, matters that involve threatening communications. I have received training, and regularly update my training, regarding the same.

3. As a Special Agent for VA-OIG, I am authorized to investigate violations of the laws of the United States, including 18 U.S.C. § 875(c), and to execute arrest and search warrants issued under the authority of the United States.

4. This affidavit is provided for the limited purpose of establishing probable cause for the issuance of a criminal complaint against **JUSTIN MICHAEL RANCOURT**. It is not intended to include each and every fact and detail known to me or to other law enforcement officers surrounding this investigation. I have set forth only those facts that I believe are necessary to establish probable cause. The information set forth in this affidavit is based on my personal participation in this investigation, information provided to me by other individuals including other law

enforcement officers, my review of records, reports, and documents related to this investigation, and communications with other individuals who have personal knowledge of the events and circumstances described herein.

5.     I respectfully submit that this affidavit contains probable cause to believe that on or about May 20, 2021, in Pinellas County, in the Middle District of Florida, **RANCOURT** did knowingly and willfully threaten to assault and injure the person of another, specifically employees of the United States Department of Veterans Affairs, using text communication, in violation of 18 U.S.C. § 875(c).

## PROBABLE CAUSE STATEMENT

6.     **RANCOURT** is a disabled veteran who resides in Pinellas County, Florida, which is within the Middle District of Florida.  From in or around May 2008, until in or around November 2011, **RANCOURT** served in the United States Army as a Combat Engineer and was deployed to Iraq from December 31, 2008 through December 24, 2009.  The United States Army provides training on the use of explosives to certain Combat Engineers.  Defense Personnel Records of **RANCOURT** show that he was honorably discharged from the United States Army in or around November 2011.

7.     **RANCOURT**, due to his status as a veteran, receives care, treatment, and other benefits from the VA.  **RANCOURT** generally receives his services from VA providers in the Tampa Bay-area, including, pertinently, at the C.W. Bill Young VA Medical Center ("VAMC") Bay Pines, Florida, which is also within the Middle

District of Florida. Since at least in or around 2020, **RANCOURT** has engaged in an escalating pattern of harassment and intimidation of VA medical providers and other VA employees. **RANCOURT's** means and methods of harassment, as detailed below, include repetitive—and disturbing—text messages to a VA employee, VICTIM 1, **RANCOURT's** Licensed Clinical Social Worker / mental health coordinator and provider, who works at the Bay Pines VAMC. **RANCOURT** made these repetitive text messages from a phone number—specifically, (727) 262-7885—that he has on record with the VA. Also, **RANCOURT's** phone number is stored on VICTIM 1's government-issued cellular telephone under the contact identified as "J05Ra18". VICTIM 1 identified **RANCOURT's** contact on his cell phone as "J05Ra18" rather than by **RANCOURT's** name due to Health Insurance Portability and Accountability compliance and program rules for privacy.

8. On or about November 2, 2020, VICTIM 1 received over 50 intimidating, harassing and threatening text messages from **RANCOURT**. **RANCOURT** apparently believed VICTIM 1 was involved with fraudulent activity associated with his bank account. The text messages included the following: "I kind of want to go kill everyone that I know can pull this off," "Because I don't trust anyone I did a full background check on you. It's pretty fair right you know about my family," and "A lot of big f***** nuts until you know the bastard that bites back.

3

Nothing in me has no problem with slaughtering someone's family. To each their own. You're the only one with my address."

9. On or about November 7, 2020, VICTIM 1 received approximately 98 intimidating, harassing and threatening text messages from **RANCOURT**. The text messages included the following: "Stop telling me to live my life objectively because I'll kill everybody," "here's the real threat, I could F*** a lot of people up, I don't want to. All of you need to leave me alone." **RANCOURT** also texted the following: "40 lb center charge for instance" and insinuated that a 40-pound crater charge could kill a lot of people.

10. On or about November 17, 2020, VICTIM 1 received additional text messages from **RANCOURT** that notified VICTIM 1 that he was "testing fertilizers," "This is where chemistry comes in," "Magnesium sulfates a b****, funny every plant needs it," "From explosives to flashbacks," "Flashbang," "That concoction is easier than baking a cake," and "I'm making at home fertilizer so I won't be purchasing any magnesium." An image was also included with one of the

4

text messages. It appears to be a pipe fertilization system with four openings with plants under a heat lamp.



11.     On or about April 5, 2021, VICTIM 1 received approximately 40 text messages from **RANCOURT**, stating in part: "I can piggy back an explosive to a switch," "In mosul we set off six three pound charges to shut the population up," and that the explosives were "strategically placed, no casualties, early morning det." **RANCOURT** also texted VICTIM 1 that he was trained by "Sappers" and "Swccc—navy." Your Affiant knows Sappers to be United States Army soldiers who are combat engineers who support front-line infantry units. Your Affiant also knows that "Swccc" stands for special warfare combatant-craft crewman.

12.     On or about April 16, 2021, VICTIM 1 received approximately 36 text messages from **RANCOURT**. **RANCOURT's** texts included the following: "When

they start coming for guns. Magnesium, aluminum nitrate ??, you can get 4 lb of Magnesium metal for $39, and you need aluminum shavings, you can buy aluminum from steel distribution companies. You have to turn it into a powder. Empty propane tank and you have a massive grenade. Inside a bucket filled with ball bearings. I'm just saying if it hits the fan."

13. On or about May 20, 2021, **RANCOURT** escalated his disturbing behavior - including by threatening to physically beat VICTIM 1 and kill another individual, whom VICTIM 1 believed to be VICTIM 2, a Bay Pines VAMC Psychiatrist, whom **RANCOURT** interacted with in or around August 2018 and was referring to in the text. Specifically, **RANCOURT** texted VICTIM 1 the following: "I'm going to start punching you m*********** in the face," "Kicking you in the face," "Knees," "Elbows," which appears to be directed toward VICTIM 1. VICTIM 1 believed that **RANCOURT** intended for the following texts to be directed to VICTIM 2: "You know with technology I don't even need to follow you home," "I could show up at that guy's house in the middle of the night," "Kill his wife in front of them," and "I'm not in the mood B."

14. Further, on or about May 20, 2021, **RANCOURT** texted VICTIM 1 the following: "Not sure why anyone without an understanding of anyone's background would ever piss off someone who could attach an explosive to a drone and fly that s*** straight into you," "Imagine I said nothing, you would never know

it was me," "Just pick you off one by one without being there," "Americans are stupid and have no backbone," and "You can fly drones from 5 miles out now."

15.     On or about May 20, 2021, VICTIM 1 notified VICTIM 2 of RANCOURT's threats to inflict bodily harm to VICTIM 2 and to kill his family. VICTIM 2 reviewed RANCOURT's medical history and reported to VICTIM 1 that he believed RANCOURT's threats should be taken seriously.

16.     On or about May 22, 2021, your Affiant interviewed VICTIM 2 regarding RANCOURT. VICTIM 2, a psychiatrist for over 20 years, stated RANCOURT is a "class one threat" and is the "bona fide real deal." VICTIM 2 believes and fears that RANCOURT will attempt to act out on his statements and do harm to VICTIM 2 and his family.

17.     On or about May 24, 2021, I interviewed VICTIM 1. VICTIM 1 stated RANCOURT's ideations are more homicidal than suicidal. Further, VICTIM 1 described how on or around March 30, 2021, VICTIM 1 and WITNESS 1, a Psychiatrist, Bay Pines VAMC, met with RANCOURT outside of his apartment. VICTIM 1 and WITNESS 1 observed that RANCOURT had a solar panel mounted to a fence and wiring from the solar panel running into his apartment. Further, VICTIM 1 observed PVC piping with holes drilled into it outside his apartment. VICTIM 1 stated that RANCOURT taught himself how to power his electrical devices using solar power and that RANCOURT stated he was using the filtration system to grow edible food, though VICTIM 1 did not observe any plants growing.

Further, VICTIM 1 stated **RANCOURT** appeared to not have showered for two to three weeks and was in a state of distress.

18. On or about May 27, 2021, VICTIM 1 received approximately 36 text messages from **RANCOURT**, stating the following in part: "Maybe you need one good ass kicking," "The VA as a whole," "Just one good ass kicking like a parent to a child," "Get your f****** s***stuffed through your mouth," "I bet you enough people see the devastation from that one incident and start f****** listening to the vets struggling." Further, **RANCOURT** texted: "All these acts of terrorism will be a f****** 6-year-old's birthday party," "Life is fair people f****** suck, it's a two-way street I'm going to suck back," "It's not going to blow the way you think" and "It'll look like an accident." Additionally, **RANCOURT** texted: "A lot of people get loud when they get mad, they like to make a scene, I'm quiet, I'll let you have your moment," "I'm plotting in that moment," "When I'm quiet I'm plotting to f****** destroy you and everyone you love," and "I have an entire medical record of names of people who f****** screwed me for the last two years."

## CONCLUSION

Based on the information in this affidavit, I submit that there is probable cause to believe that **JUSTIN MICHAEL RANCOURT** violated 18 U.S.C. § 875(c) when he threatened to assault and murder officials, VICTIM 1 and VICTIM 2, through text messages. **RANCOURT** made these threats with the intent to impede, intimidate, or interfere with VICTIM 1 while engaged in the performance of his

official duties at the VA, and with the intent to retaliate against VICTIM 1 on account of his performance of those official duties.

This completes my affidavit.

Respectfully submitted,

Douglas C. Williams
Special Agent
U.S. Department of Veterans Affairs

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3), before me this 2nd day of June, 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

9