**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                              **CASE NO.: 8:22-cr-00374-TPB-TGW**

**JUSTIN MICHAEL RANCOURT**
_____/

## SENTENCING MEMORANDUM

**COMES NOW**, Justin Michael Rancourt, by and through the undersigned counsel, and files this sentencing memorandum in support of a time served sentence. Mr. Rancourt respectfully requests that this Honorable Court impose a sentence "sufficient, but not greater than necessary" to achieve the sentencing purposes of 18 U.S.C. § 3553(a) which he requests be time served.

## FACTORS SUPPORTING A VARIANCE

1.      Mr. Rancourt has stabilized through extensive Pretrial supervision.  In this unique case, Colonel DJ Reyes (retired) has provided informal mentoring services, applying the methods and practices developed through the Hillsborough County Veterans Treatment Court.

2.      Probation seeks to penalize Mr. Rancourt for his rocky start after his initial release.  Unfortunately, he was still mentally inflamed and services had not

been implemented.  He spent nearly ten (10) months in the Pinellas County jail stabilizing and paying for his misconduct.  After significant efforts, placement was found in the Timothy Initiative where he has done well having never tested positive and managing to live in a communal environment with other men in recovery.  The Pretrial period has been full of unique benchmarks and has had a most positive net effect on where Mr.  Rancourt is today.

Where Mr. Rancourt is today as he sits in court sets the lens of judgment that should be applied to determine his sentence. *Pepper v. United States*, 131 S.Ct. 1229 (2011), extols consideration of post-sentencing rehabilitation when a defendant appears before the District Court for re-sentencing. The Supreme Court emphasized that post-sentencing rehabilitation was fundamental to the District Court's overarching duty under § 3553(a) to "'impose a sentence sufficient, but not greater than necessary to serve the purposes of sentencing." The Supreme Court declared among other things that the history and characteristics of the defendant *on the day of sentencing* (or re-sentencing in Pepper's case) are crucial.

3.     He had a good job but lost it from a temporary lapse in attention.  He maintains excellent prospects of obtaining employment but the stress of sentencing has delayed obtaining a position given the uncertain outcome.

4.     Counsel is asking for the Court to fashion a sentence that allows him to continue receiving services that have stabilized his mental health while keeping the

community safe. A sentence that keeps his VA disability benefits intact would be most productive for long term positive outcomes.

5.      "The implementation across the country…of specialized courts that divert veterans from incarceration to mental-health care reflects the acknowledgement that culpability is mitigated when an offense stems from combat-related trauma." *United States v. Carter*, 506 F.Supp. 3d 1204, 1210 (M.D. Ala. December 11, 2020) citing "*In War, There Are No Unwounded Soldiers": The Emergence of Veterans Treatment Courts in Alabama*, 65 Ala. L. Rev. 239, 252-55 (2013).

6.      In *United States v. Oliver*, 608 F.Supp. 3d 1113 (M.D. Ala. June 17, 2022), the court found it appropriate to award a downward departure to a Correctional Sergeant with the Alabama Department of Corrections, who beat two incarcerated men while handcuffed behind their backs. The court found that the defendant's PTSD, which was developed from his work at the prison, "and its contribution to his offense conduct, diminished his moral culpability." *Id*. At 1117-18. The court rationalized that "in meting out appropriate punishment, the court should make a good-faith attempt to ensure that the defendant is not inappropriately punished for having a disease." *Id*. at 1118 (citation omitted). The court further compared corrections officers to combat veterans finding that the rate of PTSD suffered by both is equivalent. *Id*. In granting the variance, the court reasoned "that

it would be unjust to ignore the effect of his mental illness on his offense conduct."

*Id*. at 1119. Lastly, the court also took into consideration the defendant's sobriety

and participation in mental health treatment since his arrest. *Id*. at 1120.

7. Counsel has addressed objections to the guideline calculations in the

POPS portion of the Amended PSR.

8. A sentence of time served appropriately recognizes the offense, the

nature of the charges and his genuine remorse.

**WHEREFORE**, because a sentence of time served honors the factors of

§3553(a) and is "sufficient, but not greater, than necessary", Mr. Rancourt

respectfully requests this Honorable Court sentence him to time served. His

sentencing guideline range is 18 to 24 months. Mr. Rancourt served nine months and

26 days in the Pinellas County Jail.

Respectfully Submitted,

*s/Michael P. Maddux*
Michael P. Maddux, P.A.
Florida Bar No.: 964212
2102 West Cleveland Street
Attorney for Defendant, Whitfield
Tampa, Florida 33606
Phone: (813) 253-3363
Fax: (813) 253-2553
E-mail: mmaddux@madduxattorneys.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **7th day of July, 2023**, I electronically

filed the foregoing with the Clerk of Court by using the CM/ECF system.

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
